# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ROBINSON,<br><br>  Plaintiff,<br><br>  v.<br><br>BUTTE COUNTY, CALIFORNIA,<br><br>  Defendant. | No. 2:21-CV-1780-TLN-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Because Plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1   Plaintiff names Butte County, California, as the only defendant.  See ECF No. 1.

2   Plaintiff's factual allegations largely mirror those in Robinson v. Bryant, 2:20-CV-1189-JAM-

3   DMC (Robinson I).[1]  Plaintiff alleges that Defendant, which is a municipal entity, is liable

4   because:

5   > Practices of the Butte County Sheriff Office (BCSO) and Butte County
   > District Attorney (BCDA) allowed Plaintiff to be arrested and prosecuted
6   > without probable cause under color of California Penal Code Section
   > 166(a)(4).
7
   Id. at 4.
8

9   The Court concludes that it has subject matter jurisdiction and that the complaint is

10  appropriate for service by the United States Marshal without pre-payment of costs.  If plaintiff

11  desires service of process by the United States Marshal without pre-payment of costs, plaintiff

12  must comply with the requirements outlined below.  Plaintiff is warned that failure to comply

13  with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may

14  result in dismissal of the action for lack of prosecution and failure to comply with court rules and

15  orders.  See Local Rule 110.

16  Accordingly, IT IS HEREBY ORDERED that:

17  1.   The Clerk of the Court shall issue a summons in a civil case, the

18  undersigned's new case documents, and an order setting this matter for an initial scheduling

19  conference;

20  2.   The Clerk of the Court shall send Plaintiff the summons, 1 USM-285

21  forms, and a copy of the complaint;

22  ///

23  ///

24

---

[1] Robinson I was closed following the Court's grant of summary judgment in favor of Defendant Bryant on September 24, 2021.  See ECF Nos. 106 (Memorandum Opinion and Order) and 107 (Judgment) in Robinson I.  Plaintiff's appeal in Robinson I has been processed to the Ninth Circuit Court of Appeals and is pending.  See ECF Nos. 108 (Notice of Appeal) and 110 (Clerk's docket entry of processing of appeal) in Robinson I.

The Court expresses no opinion at this time as to the preclusive effect, if any, the Court's judgment in Robinson I, may have in the current action.

3.  Within 15 days from the date of this order, Plaintiff shall complete the summons by indicating the addresses of the named defendants and shall submit to the United States Marshal at the address indicated below the following documents:

   a. The completed summons;

   b. One completed USM-285 form;

   c. 2 copies of the complaint; and

   d. 1 copy of the Court's initial scheduling conference order issued herewith;

4.  Within 20 days of the date of this order, Plaintiff shall file a notice indicating that the documents described above have been submitted to the United States Marshal, or a notice that plaintiff intends to serve the summons and complaint without assistance from the United States Marshal;

5.  If Plaintiff seeks the assistance of the United States Marshal, the United States Marshal is directed to serve all process without pre-payment of costs not later than 60 days from the date of this order, such service of process to be completed by serving a copy of the summons, complaint, and initial scheduling conference order on the defendants at the addresses provided by plaintiff; and

6.  The Clerk of the Court is directed to serve a copy of this order on the United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

Dated:  October 13, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3